IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01524-BNB

DAVID A. YORK, # 95717, 49030 State Hwy-71, Limon, CO 80826,

    Plaintiff,

v.

(NAME UNKNOWN) MAYOR, Mesa County, Grandjunction [sic],
(NAME UNKNOWN), COMMISSIONER, Mesa County, Grandjunction [sic],
(NAME UNKNOWN), CHIEF OF POLICE, Grandjunction [sic],
STAN HILKEY, Sheriff, Mesa County,
PETE HAUTZINGER, District Attorney, Mesa County,
MARSHALL DIXON, TaskForce Officer, Mesa County, Grandjunction [sic],
SHAWN HASTY, TaskForce Officer, Mesa County, Grandjunction [sic],
BRIAN FRASIER, Police Officer, Grandjunction [sic],
CODY KENNEDY, Police Officer, Grandjunction [sic], and
BEN CARNES, Deputy Sheriff, Mesa County,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff David A. York is in the custody of the Colorado Department of Corrections and is currently held at the Limon Correctional Facility in Limon, Colorado. Mr. York has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Fourth, Fifth and Fourteenth Amendment rights have been violated. Plaintiff seeks money damages in addition to declaratory and injunctive relief.

The Court must construe the Prisoner Complaint liberally because Mr. York is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the Complaint and the action will be dismissed.

In his Complaint, Plaintiff alleges that during the course of two separate state court criminal actions, 07CR1539 and 08CR483, various Defendants violated his constitutional rights. In Claim One, he asserts that his due process rights were violated when Defendant Cody Kennedy detained and searched him without probable cause, and arrested him based upon evidence obtained during the unlawful search. He also alleges that four other Defendants conspired with Defendant Kennedy to violate his constitutional rights. In Claim Two, he likewise asserts that his due process rights were violated when Defendants Marshall Dixon, Shawn Hasty and Brian Frasier detained and searched him without probable cause, and arrested him based upon evidence seized during the unlawful search. He alleges that five other Defendants conspired with Defendants Dixon, Hasty and Frasier to violate his constitutional rights. In Claim Three, Plaintiff alleges that his due process rights were violated when Defendant Ben Carnes falsified an affidavit in order to obtain unlawfully Plaintiff's arrest. He alleges that four other Defendants conspired with Defendant Carnes to violate his constitutional rights. Finally, although not entirely clear, in Claim Four, Plaintiff appears to allege that the criminal charges brought in 07CR1539 and 08CR483 are invalid, because they were obtained incident to his unlawful search and arrest.

Mr. York may not recover damages for the Fourth and Fourteenth Amendment claims that he asserts because these claims challenge the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

Plaintiff does not allege that he has invalidated his sentence. Therefore, to the extent Plaintiff challenges his detention, arrest and the legality of his arrest warrant, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). The Court, nonetheless, will refrain from considering this action as filed pursuant to § 2254. Mr. York is able to file a § 2254 action once he has exhausted his state court remedies.

Plaintiff also challenges searches of his person carried out by Defendants prior to his arrest. Although "[c]laims arising out of police actions towards a criminal suspect,

such as . . . search and seizure, are presumed to have accrued when the actions actually occur," *Beck*, 195 F.3d at 558, to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, *Heck*, 512 U.S. at 487 n. 7. Plaintiff alleges that his unlawful search and subsequent incarceration deprived him of the right to attend his father's funeral and caused the loss of his employment and residence. Here, Plaintiff fails to assert any compensable injury that encompasses any other injury other than his conviction and imprisonment. *See Beck,* 195 F.3d at 559 n. 3 (noting that damages recovered in a § 1983 suit for illegal search and seizure "cannot include those for being convicted and imprisoned, at least until the conviction has been overturned."). Therefore, even though Plaintiff is asserting a Fourth Amendment claim due to an alleged illegal search and seizure, the claim is barred by *Heck*. This is because a judgment in favor of Plaintiff's claim that Defendants violated his Fourth Amendment rights when they detained and searched him without probable cause necessarily would imply the invalidity of his state court criminal proceedings. Accordingly, Plaintiff's claims for damages will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 14 day of Aug, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01524-BNB

David A. York
Prisoner No. 95717
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/17/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk